Osmin MEJIA, Petitioner,

v.

Loretta E. LYNCH, Attorney
General, Respondent.

No. 13–72998.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2015.*

Decided Nov. 24, 2015.

Osmin Mejia, Santa Maria, CA, pro se.

Michael Christopher Heyse, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

## MEMORANDUM **

Osmin Mejia, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009). We deny the petition for review.

Because Mejia filed his application more than one year after his arrival in the United States, and did not show either "changed circumstances" materially affecting his eligibility for asylum, or "extraordinary circumstances" excusing his failure to file within the one-year deadline, his asylum claim is time-barred. *See* 8 C.F.R. § 208.4(a).

Substantial evidence supports the BIA's conclusion that Mejia is not eligible for withholding of removal because he failed to establish a nexus between the persecution he fears and a statutorily protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir.2008) ("[T]o demonstrate that a protected ground was at least once central reason for persecution, an applicant must prove that such ground was a cause of the persecutors' acts.") (internal quotations omitted); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir.2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.")

Finally, substantial evidence supports the BIA's determination that Mejia did not establish that he would more likely than not face torture at the instigation of, or with the acquiescence of the Salvadoran government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir.2008).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.